# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN AND KATHY DARNEY,<br>Personally and on behalf of K.D. and S.D.,<br><br>Plaintiffs,<br><br>v.<br><br>DRAGON PRODUCTS COMPANY,<br>LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Docket No. 2:08-cv-47-GZS<br>)<br>)<br>)<br>)<br>) |

## ORDER ON MOTIONS IN LIMINE

Before the Court are five motions *in limine* submitted by Defendant. The Court will address each motion in turn below.

Motion *in Limine* to Exclude Evidence Relating to Water Quality (Docket # 112)

GRANTED. Plaintiffs have not claimed damages relating to water quality. Unless it can be tied in to other "claimed" damages, this evidence is excluded. At trial, Plaintiffs will be required to lay a foundation as to how water quality is relevant to their claimed damages before the Court will hear any evidence related to water quality.

Motion *in Limine* to Exclude Evidence Relating to Odors (Docket # 114)

GRANTED. Plaintiffs have not claimed damages relating to odors. Unless it can be tied in to other "claimed" damages, this evidence is excluded. At trial, Plaintiffs will be required to lay a foundation as to how odor is relevant to their claimed damages before the Court will hear any evidence related to odor.

Motion *in Limine* to Exclude Evidence Relating to Certain Categories of Damages (Docket # 115)

DENIED IN PART and GRANTED IN PART. Defendants seek to exclude evidence relating to three categories of damages, as laid out below.

a. "compensation to Mr. Darney for his time and effort to obtain enforcement of environmental impact regulations against Dragon over the past 5+ years in the amount of $30,000 a year"

The Law Court recently made clear that time and effort alone are not a cognizable injury for which damages could be recovered under the law of negligence. In re Hannaford Bros. Co. Customer Data Security Breach Litigation, __ A.2. __, 2010 ME 93, ¶14. Accordingly, to the extent Plaintiffs seek to recover for Mr. Darney's time spent in connection with prosecuting this lawsuit with respect to any negligence claim, this motion is GRANTED. With respect to Plaintiffs' claims for common law trespass, statutory trespass, nuisance, or strict liability, Plaintiffs are free to introduce evidence related to damages connected to the time spent in connection with prosecuting this lawsuit, so long as that evidence meets all other rules of evidence. Thus, as to all but the negligence claim, this part of the Motion is DENIED WITHOUT PREJUDICE.

b. "compensation of $400,000 for the distress caused each of the Plaintiffs, including their sleeplessness, disturbance of peace of mind, discomfort, inconvenience and annoyance"

DENIED WITHOUT PREJUDICE to Defendant raising the issue at trial.

c. "[t]o the extent Defendant's blasting vibrations and noise and air contamination from dust and odor have not ceased permanently as of the date of trial, Plaintiffs seek further an award of damages sufficient to fund their relocation to a home away from Defendants' facility, in the amount of $220,000."

GRANTED. To the extent Plaintiff's also seek to recover damages for the costs to restore their property, any costs to relocate to a different home would be double counting.

<u>Motion *in Limine* to Exclude Evidence Relating to Plaintiffs' Alleged Personal Injuries and Emotional Distress and Alleged Health Effects from Defendant's Operations (Docket # 116)</u>

In view of the fact that there will be no jury present, DENIED WITHOUT PREJUDICE to Defendant raising the issue at trial. Counsel should note that the Court's prior ruling related only to claims for personal injury requiring expert testimony as to causation.

<u>Amended Motion *in Limine* to Exclude Evidence Relating to Non-Parties' Observations About Alleged "Off-Site Dragon Impacts" (Docket # 117)</u>

DENIED WITHOUT PREJUDICE to Defendant raising the issue at trial.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 8th day of October, 2010.