# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHEN AND KATHY DARNEY, Personally and on behalf of K.D. and S.D., <br><br> Plaintiffs, <br><br> v. <br><br> DRAGON PRODUCTS COMPANY, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Docket No. 2:08-cv-47-GZS |

## ORDER ON MOTION TO AMEND

Before the Court is Plaintiffs' Motion to Amend and to Make Additional Findings of Fact & Conclusions of Law ("Pls.' Mot.") (Docket #169). As explained herein, this Motion is GRANTED IN PART WITHOUT OBJECTION and DENIED IN PART.

Federal Rule of Civil Procedure 52(b) provides that the Court, "[o]n a party's motion, … may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Motions under Rule 52(b), however, are "not intended to allow parties to rehash old arguments already considered and rejected by the trial court." Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citation omitted). Rather, they are to "permit the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court." Id. See also Dash v. Chicago Ins. Co., No. Civ.A 00-11911-DPW, 2004 WL 2337021, at *1 (D. Mass. Oct. 18, 2004) ("A Rule 52(b) motion is meant to correct, clarify, or amplify the findings and is not meant to provide an avenue for relitigating issues on which the moving party did not prevail at trial.") (citation and internal punctuation omitted).

In their Motion, Plaintiffs propose amending or adding to thirty of the Court's eighty-six Findings of Fact, upon which the Court relied in concluding that Plaintiffs failed to prove any of their claims. (See Findings of Fact & Conclusions of Law ("FF & CL") (Docket # 167) at 48.) Defendant agrees with Plaintiffs that the Court should make two amendments to its Findings of Fact. (See Def.'s Opp'n to Pls.' Mot. ("Def.'s Opp'n") (Docket # 170) at 14.)

First, although the evidence received at trial indicated that Chemrock is located on Old County Road (see Tr. of Proceedings ("Tr.") Vol. III (Docket # 154) at 558), the Court now takes judicial notice that Chemrock is, according to both parties, in fact located on Buttermilk Lane.[1] (See Pls.' Mot. at 4; Def.'s Opp'n at 3). Thus, Finding of Fact No. 17[2] is amended to read as follows:

> 17. Ferraiolo Concrete Products leases property from Dragon and operates a rock crusher on or near the quarry. Ferraiolo is separately licensed by the State of Maine. Chemrock, a company that makes perlite (an amendment to soil made out of obsidian or glass), is located on Buttermilk Lane.

Second, Defendant agrees with Plaintiffs that Finding of Fact No. 28 should be amended for the sake of clarification, but disagrees with the specific changes proposed by Plaintiffs. Defendant has provided an explanation and appropriate record citations for its suggested amendments; Plaintiffs have not. (See Def.'s Resp. at 5-6; Pls.' Mot. at 6.) Thus, incorporating only the

---

[1] The evidence before the Court does not additionally show, as the Plaintiffs assert without providing any record citation, that perlite "does not include calcium or calcium oxide, as cement does." (Pls.' Mot. at 4). In fact, Plaintiffs' own witness Richard Marriner specifically testified to the contrary, stating that, though minimal, "there is some calcium in perlite". (Tr. Vol. III at 559.) In any event, this proposed amendment is unnecessary given that the Court has already concluded that "Plaintiffs have proven by a preponderance of the evidence that dust from Dragon's operations has accumulated on their property." (FF & CL at 18.)

[2] Finding of Fact No. 17 originally read: "Ferraiolo Concrete Products leases property from Dragon and operates a rock crusher on or near the quarry. Ferraiolo is separately licensed by the State of Maine. Chemrock, a company that makes perlite (an amendment to soil made out of obsidian or glass), is also located on Old County Road." (FF & CL at 3.)

changes proposed by Defendant, the Court hereby amends and amplifies Finding of Fact No. 28[3] to read as follows:

> 28. Waste clinker is stockpiled in an approximately thirteen acre area on the east side of the plant (the "Waste Clinker pile"). (See Tr. Vol IV (Docket # 155) at 922.) This waste product is off-specification clinker. (See id. at 923.) A second stockpile containing CKD was stockpiled to the west of the plant and is approximately fourteen acres in size (the "CKD pile"). (See id. at 916-17; Tr. Vol. II (Docket # 153) at 273.) The material is "solid" and "compacted." (Id. at 243; see also Pls.' Ex. 118.2 (photos of the CKD pile).)

In short, to the extent Plaintiffs seek to amend the Court's Findings of Fact Nos. 17 and 28, the Motion is GRANTED IN PART WITHOUT OBJECTION.

To the extent Plaintiffs seek to amend twenty-eight additional findings of fact and/or make additional findings of fact and conclusions of law, this Motion is DENIED. In their rather unconventional motion, Plaintiffs have provided the Court with only a copy of its original Findings of Fact & Conclusions of Law with proposed amendments signaled via a word processing program "track changes" feature. Plaintiffs have offered no explanation as to why each proposed amendment should be made, and more often than not have provided no record citation. In the Court's assessment, none of the proposed amendments seek to correct any "manifest errors" of fact. Nat'l Metal Finishing Co., 899 F.2d at 123. Indeed, Plaintiffs have made no effort to explain how any of the Court's Conclusions of Law would change as a result of any of its proposals. In fact, Plaintiffs have left a number of the Court's pivotal factual findings largely or entirely intact (see, e.g., Findings of Fact Nos. 42-43, 55-56, 59, 76-78, & 82-85). In short, Plaintiffs' proposed amendments and changes amount to nothing more than "rehash[ed] old arguments already considered and rejected" by this Court. Nat'l Metal Finishing Co., 899 F.2d at 123.

---

[3] Finding of Fact No. 28 originally read: "Waste clinker and other waste material are stockpiled in an approximately thirteen acre area on the east side of the plant (the "CKD pile"). This waste product is "solid" and "compacted." (See Tr. Vol. II at 243; see also Pls.' Ex. 118.2 (photos of the CKD pile).)" (FF & CL at 5.)

Thus, with the previously described amendments to paragraphs 17 and 28, the Court concludes that its Findings of Fact are accurate and adequate. As explained herein, Plaintiffs' Motion to Amend is GRANTED IN PART WITHOUT OBJECTION and otherwise DENIED.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 23rd day of May, 2011.